UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL J. FRENCH,,<br><br>　　　　Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No.14cv1554 AJB (BLM)<br><br>ORDER:<br><br>(1) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM;<br><br>(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and<br><br>(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL.<br><br>[Doc Nos. 1, 2, 3] |

   On June 27, 2014, Plaintiff Randall J. French, a non-prisoner proceeding *pro se*, commenced this action against the State of California and City of San Diego. Plaintiff moves to proceed in forma pauperis ("IFP") and requests for an appointment of counsel under the Civil Rights Act of 1964. (Doc. Nos. 2 and 3.) For the following reasons, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES Plaintiff's Complaint for failure to state a claim. Additionally, due to the dismissal for failure to state a claim, the Court DENIES as premature his motion to appoint counsel.

I.  **Motion to Proceed in Forma Pauperis**

Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff has submitted an affidavit in support of the IFP motion indicating he is unemployed, receives an unspecified amount from unemployment insurance benefits, and has a checking account, though he fails to specify the balance. The affidavit, however, is otherwise incomplete as many of the remaining sections are missing required information. Accordingly, the Court finds that the motion and declaration submitted by Plaintiff in support of his request to proceed IFP do not represent a full and accurate summary of his financial condition. Because the affidavit is incomplete, it does not support Plaintiff's contention that he is unable to pay the costs of this litigation without foregoing the necessities of life. 28 U.S.C. § 1915(a)(1); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (when a claim of poverty is made under §

2

14cv1554

1915, it is essential for the application to state the facts as to property with some particularity, definiteness and certainty).  For these reasons, the Court concludes that Plaintiff has not satisfied the indigency requirements of 28 U.S.C. § 1914(a)(1).  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed in forma pauperis.

**II.    SUA SPONTE DISMISSAL FOR FAILURE TO STATE A CLAIM**

Plaintiff's Complaint does not state a specific claim on which relief may be granted.  A court may dismiss the case at any time if it determines the plaintiff failed to state a claim on which relief may be granted pursuant to § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  "A plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Id.*  A court will deny any motion that fails to present a legal and factual basis. *Id.*

Here, Plaintiff's <u>entire</u> Complaint consists of the caption page and the civil cover page.  No factual allegations are made whatsoever.  Indeed, from what little information is contained within the request for appointment of counsel, it appears that Plaintiff is attempting to bring an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964. (Doc. No. 2 at 1.)  As such, Plaintiff has not presented <u>any</u> basis for a cognizable claim on which relief may be granted.  Pursuant to 1915(e)(5), the Court DISMISSES the Complaint WITHOUT PREJUDICE for failure to state a claim.  The Court advises that should Plaintiff re-file an amended complaint, he must state a claim that shows entitlement to relief that would give the defendants fair notice of what the claim is and the grounds upon which it rests.  This would require a sufficient factual basis of defendant's conduct that gives rise to Plaintiff's discrimination claim.

**III.   Motion for Appointment of Counsel**

The only grounds for which Plaintiff rests his motion to appoint counsel is that he is unable to afford a private attorney. (Doc. No. 2 at 4.)  Indeed, Plaintiff concedes that

he has not made any efforts to talk to an attorney about handling his claim.  (*Id.* at 3.) "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, the Court cannot appoint counsel when Plaintiff has not yet stated a cognizable claim.  Having dismissed the Complaint, the Court concludes that this motion is premature and therefore, there is no basis for appointment of counsel at this time. Plaintiff's motion to appoint counsel is DENIED WITHOUT PREJUDICE.

## IV.   CONCLUSION

For the foregoing reasons, the Court: (1) DISMISSES the Complaint WITHOUT PREJUDICE; (2) DENIES the Motion to Proceed In Forma Pauperis WITHOUT PREJUDICE; and (3) DENIES Motion for Appointment of Counsel WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:  June 30, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge